UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X    NOT FOR PUBLICATION
WILLIAM SMITH,

                    Plaintiff,    **MEMORANDUM AND ORDER**

   -against-    17-CV-1164 (PKC) (RLM)

PEOPLE FOR THE STATE OF NEW YORK,
NYPD QUEENS COUNTY PCT., JOHN DOE
OFFICER of NYPD 103 PCT.,

                    Defendants.[1]
------------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

     Plaintiff William Smith filed this *pro se* action against "the People for the State of New York," the "Queens County Precinct" of the New York City Police Department ("NYPD"), and a "John Doe" police officer of the NYPD's 103rd Precinct, alleging false imprisonment, false arrest and malicious prosecution. Plaintiff has also filed a signed request to proceed *in forma pauperis* (Dkt. 5-2) and a signed Prisoner Authorization form (Dkt. 5-3).[2] The Court grants Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). For the reasons stated below, the Complaint is dismissed against the People for the State of New York and the NYPD pursuant to 28 U.S.C. § 1915(e)(2)(B), but shall proceed as to NYPD officer John Doe.

## BACKGROUND

     Plaintiff alleges that on May 10, 2016, he was arrested "without probable cause or reasonable suspicion" by a John Doe police officer of the NYPD's 103rd Precinct, then subjected to "bogus charges" for which there was "no evidence" that Plaintiff committed a crime. (Dkt. 5-1

---

[1] The Clerk of Court is directed to amend the caption to include "John Doe Officer" as set forth above.

[2] It appears that Plaintiff is currently detained at the Robert N. Davoren Center on Rikers Island, although Plaintiff's submission does not identify the legal basis for his detention.

at ECF[3] 6.) Based on these allegations, Plaintiff asserts claims of false imprisonment, false arrest, and malicious prosecution against "the People for the State of New York," the NYPD, and a "John Doe" NYPD officer from the 103rd Precinct. (Dkt. 5-1 at ECF 5.) Plaintiff further alleges that he was charged with home invasion and robbery in the third degree, but that the charges were dismissed against him. (*Id.* at 5.) Plaintiff does not allege the date the charges were dismissed, but he includes a copy of a Court Case Date Entry dated February 13, 2017, which indicates that the charges were dismissed and his criminal case was closed on February 8, 2017. (*Id.*, Exhibit A at 9.) Plaintiff seeks $1 million in damages.

## LEGAL STANDARD

In reviewing the complaint, the Court is mindful that Plaintiff is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). A complaint, however, must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Under 28 U.S.C. §§ 1915A(a) and (b)(1), the Court reviews a civil complaint brought by a prisoner against a governmental entity or its agents, and dismisses the complaint, or any portion of thereof, if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §§ 1915A(a), 1915A(b)(1); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). In addition, under 28 U.S.C. §§ 1915A(e)(2)(B), the Court must dismiss the action if any of these

---

[3] Citations to "ECF" refer to the pagination generated by the Court's electronic docketing system and not the document's internal pagination.

three grounds apply or if the plaintiff "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend if a valid claim can be stated. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

To prevail on a claim of false arrest or unlawful imprisonment, a plaintiff must prove that "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Savino v. City of N.Y.*, 331 F.3d 63, 74 (2d Cir. 2003) (quotation omitted). To prevail on a claim of malicious prosecution, a plaintiff must prove that "(1) the defendant either commenced or continued a criminal proceeding against him; (2) that the proceeding terminated in his favor; (3) that there was no probable cause for the criminal proceeding; and (4) that the criminal proceeding was instituted with actual malice." *Posr v. Doherty*, 944 F.2d 91, 100 (2d Cir. 1991).

Read in the light most favorable to Plaintiff, the Complaint alleges that on May 10, 2016, Plaintiff was arrested, imprisoned, and maliciously prosecuted by a John Doe police officer of the NYPD's 103rd Precinct without probable cause. (Dkt. 5-1 at ECF 5-6.) Plaintiff further alleges that the criminal proceedings against him terminated in his favor when the charges brought against him were dismissed on or around February 8, 2017. (Dkt. 5-1 at ECF 10.) These allegations are sufficient to survive an initial screening pursuant to 28 U.S.C. §§ 1915A(a), 1915A(b)(1). Accordingly, the Court declines to *sua sponte* dismiss Plaintiff's Complaint for failure to state a claim.

Nonetheless, the Court must dismiss Plaintiff's Complaint in part. *First*, Plaintiff's Complaint seeking damages cannot proceed against the People of the State of New York. "[A]bsent waiver or valid abrogation, federal courts may not entertain a private person's suit

3

against a State." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment to the U.S. Constitution bars such a federal court action against a state absent a waiver of immunity or congressional legislation specifically overriding immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *State Emps. Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007). Although Congress has the power to abrogate state sovereign immunity, "it is well settled that Congress did not abrogate sovereign immunity in enacting 42 U.S.C. § 1983." *Sargent v. Emons*, 582 F. App'x 51, 52 (2d Cir. 2014) (citing *Quern v. Jordan*, 440 U.S. 332, 345 (1979)). Therefore, the Complaint is dismissed as to the People of the State of New York. *Second*, Plaintiff's Complaint cannot proceed against the NYPD. The NYPD is a non-suable agency of the City of New York. *Jenkins v. City of N.Y.*, 478 F.3d 76, 93 n.19 (citing N.Y.C. Charter § 396). Accordingly, Plaintiffs' asserted claims against the NYPD are dismissed.

## CONCLUSION

For the reasons stated above, the Complaint is dismissed as to the People of the State of New York and the NYPD. No summons shall issue as to those Defendants. Plaintiff's Complaint against the NYPD officer from the NYPD's 103rd Precinct who arrested Plaintiff on May 10, 2016, identified in the Complaint as "John Doe", shall proceed.

The United States Marshals Service, however, will not be able to serve this John Doe Defendant without further identifying information. Accordingly, the Court hereby requests that the Corporation Counsel for the City of New York ascertain the full name of the John Doe. *See Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (*per curiam*) (holding that a *pro se* litigant is entitled to assistance from the district court in identifying a law enforcement defendant). The Corporation Counsel's Office need not undertake to defend or indemnify this individual at this juncture. This Order merely provides a means by which Plaintiff may name and properly serve

the Defendant as instructed by the Second Circuit in *Valentin*. Once this information is provided, Plaintiff's Complaint shall be deemed amended to reflect the full name of this police officer, an amended summons shall be issued, and the Court shall direct service on this defendant.

The Clerk of Court shall serve a copy of this Order and a copy of the complaint and *in forma pauperis* application on the Corporation Counsel for the City of New York, Special Federal Litigation Division. The Clerk of Court is respectfully directed to send a copy of this Order to Plaintiff. The case is respectfully referred to the Honorable Roanne L. Mann, United States Magistrate Judge, for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

                                        SO ORDERED.

                                        s/ Pamela K. Chen

                                        Pamela K. Chen
                                        United States District Judge

Dated: May 12, 2017
       Brooklyn, New York